IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J.E., <br><br>     *Plaintiff*, <br><br> v. <br><br> LYFT, INC., *et al.*, <br><br>     *Defendants*. | Civil No.: 1:25-cv-02786-JRR |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff's Motion for Leave to File Complaint and Jury Trial Demand and Proceed Pseudonymously. (ECF No. 2; the "Motion.") Defendant Lyft, Inc., does not oppose the Motion. (ECF No. 16.) The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

**I.   BACKGROUND**

On August 25, 2025, Plaintiff J.E. filed the Complaint against Defendants Lyft, Inc., and Does 1 through 50, alleging she was sexually assaulted by a Lyft driver. (ECF No. 1 ¶ 3.) She brings numerous claims sounding in negligence, intentional misrepresentation, breach of contract, and products liability. *Id.* ¶¶ 55–182. Along with the Complaint, Plaintiff filed the instant Motion to proceed in this action as "J.E." in view of the "highly personal and intimate nature of the allegations and the enduring harm she suffered."[1] (ECF No. 2 at p. 1.)

**II.   ANALYSIS**

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all parties. FED. R. CIV. P. 10(a). In exceptional circumstances, the court may allow a party to proceed

---

[1] On October 6, 2025, Plaintiff filed a motion to transfer with the MDL Panel, seeking to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1407. *See IN RE: Lyft, Inc. Passenger Sexual Assault Litigation*, MDL No. 3171. That motion is presently pending.

pseudonymously. *Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014). Before granting a request to proceed anonymously or pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274.

The Fourth Circuit provides five non-exhaustive factors that courts should consider in determining whether to grant a request to proceed pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.[2]

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

With respect to the first factor, Plaintiff's request to proceed by pseudonym must be for the purpose of preserving "privacy in a matter of sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238. Courts have found allegations involving sexual misconduct satisfy this factor. *See Doe v. Sidar*, 93 F.4th 241, 248 (4th Cir. 2024) (describing that the claims involving a plaintiff's "sexual assault and resulting psychological trauma" are beyond "merely sensitive" and that courts have recognized a plaintiff's "interest in preserving privacy where allegations concern sexual assault") (citations

---

[2] These are frequently referred to as the "*James*" or "*Jacobson*" factors. *See, e.g., Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023); *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).

omitted); *Doe v. Anne Arundel Cnty.*, No. 1:23-CV-03451-JRR, 2024 WL 2053719, at *2 (D. Md. May 8, 2024) (permitting plaintiff to proceed by pseudonym where she alleged she was subject to sexual harassment, abuse, and assault); *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (permitting intervening plaintiff to remain anonymous where she sought to "preserve her privacy in a highly sensitive and personal matter involving sexual assault"); *Doe v. Williams*, No. CV 1:23-5745-JDA-SVH, 2024 WL 1120175, at *1 (D.S.C. Mar. 14, 2024) ("It is well-recognized in this circuit that victims asserting allegations of sexual misconduct constitute matters 'of a highly sensitive and personal nature.'").

In the instant case, Plaintiff's allegations pertain to sexual assault and its traumatic impact on her life. The court thus concludes that Plaintiff's allegations concern a matter of a highly sensitive and personal nature; therefore, the first factor weighs in favor of the Motion. *James*, 6 F.3d at 238.

With respect to the second factor, the court considers whether denying the Motion would "pose[] a risk of retaliatory physical or mental harm" to Plaintiff. *Id.* While reputational risks alone may not be "sufficient to outweigh the public interest in the openness of this litigation," *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 809 (E.D. Va. 2012), there is a risk of retaliatory or mental harm where a plaintiff "may face psychological harm from having [her] sensitive experience made permanently available to anyone with Internet access." *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013). Where "there could be some risk of mental harm to plaintiff upon public dissemination of her identity in connection with" sensitive personal information, anonymity may be warranted. *Doe v. Chesapeake Med. Sols., LLC*, No. CV SAG-19-2670, 2020 WL 13612472, at *2 (D. Md. Feb. 26, 2020).

The court is persuaded that, were the court to require Plaintiff to name herself, she would be vulnerable to significant physical or mental harm as a result of her highly sensitive information being made public. *See Spoa, LLC*, 2013 WL 5634337, at *3, *supra*. *See E.E.O.C. v. Wal-Mart Stores E., L.P.*, No. 5:23-CV-00623, 2024 WL 349760, at *2 (S.D.W. Va. Jan. 30, 2024) ("Sexual violence is a profoundly negative and traumatic life event with widespread psychological and sociological effects on the victim. Disclosing Ms. Doe's name on the public docket, which is likely to remain permanently available on the Internet, presents a significant risk of subjecting Ms. Doe to future psychological trauma."); *Alger*, 317 F.R.D. at 40 (allowing plaintiff to use a pseudonym in a case involving sexual assault allegations because use of real identities "would likely increase their risk of retaliatory physical or mental harm"). This is particularly relevant here, where Plaintiff asserts an ongoing risk of re-traumatization. (ECF No. 2 at p. 3.) Therefore, the second factor further weighs in favor of allowing Plaintiff to proceed by pseudonym.

Neither the third factor (Plaintiff's age) or the fourth factor (whether the action is against a governmental entity or private party) weighs in favor of allowing Plaintiff to proceed by pseudonym, as she is not a minor and Defendants are private, not government, parties. *See James*, 6 F.3d at 238; *Smith v. Towson Univ.*, No. CV JRR-22-2998, 2022 WL 18142844, at *2 (D. Md. Nov. 30, 2022), *aff'd,* No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023) (finding third factor weighed against permitting plaintiff to proceed by pseudonym where he was an adult); *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) ("[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid.").

Finally, with respect to the fifth *James* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

4

6 F.3d at 238.  The court again notes that Defendant Lyft does not oppose the Motion.  (ECF No. 16.)  Further, Plaintiff offers that she will disclose her identity to Defendants (should they not already be aware), and Defendant Lyft does not contend it would be impeded in "fully . . . investigating and responding to [Plaintiff's] allegation" were the court to grant the Motion.  *Spoa, LLC*, 2013 WL 5634337, at *3.  Therefore, the court discerns no risk that allowing Plaintiff to proceed by pseudonym will prejudice Defendants' defense.  *Id.  See Alger*, 317 F.R.D. at 41 (finding fifth factor weighs in favor of anonymity where defendants are fully aware of plaintiff's identity and fail to articulate how they would be prejudiced in their defense).  Therefore, the fifth factor weighs in favor of granting the Motion.

Upon consideration of the *James* factors, the court concludes that this case implicates Plaintiff's privacy interests regarding sensitive and personal matters such that her interests "substantially outweigh the presumption of open judicial proceedings." *Pub. Citizen*, 749 F.3d at 274, *supra*.  Accordingly, the court will allow Plaintiff to proceed as "J.E." in this action.

### III.    CONCLUSION AND ORDER

Accordingly, it is this 11th day of December 2025,

**ORDERED** that the Motion (ECF No. 2) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that Plaintiff shall be identified in all public filings only as J.E.; and further it is

**ORDERED** that any document that identifies J.E. by name, in whole or in part, shall be filed under seal, with copies redacted of her true name to be placed in the public file; and further it is

**ORDERED** that J.E. is not required to disclose her address.

/s/
Julie R. Rubin
United States District Judge